UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESEQUIEL "PAUL" GARCIA,

Petitioner,

v.

NEIL MCDOWELL, Warden,

Respondent.

Case No. 16-05301 BLF (PR)

**ORDER TO SHOW CAUSE; DENYING MOTIONS FOR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL**

On September 20, 2016, Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. (Docket No. 10.) On January 20, 2017, the Court granted Petitioner's request to stay the mixed petition in order to exhaust additional claims in the state courts. (Docket No. 22.) The case was administratively closed pending the stay of this action. (*Id.*) Petitioner was directed to notify the Court within twenty-eight days of the California Supreme Court's decision denying him relief by filing a motion to reopen this action. (*Id.*) On January 16, 2019, the Court granted Petitioner's subsequently filed motions to reopen the action and for leave to file a second amended petition. (Docket No. 29.) Petitioner's second amended petition is before the Court for an initial review. (Docket No. 35.)

///

# BACKGROUND

According to the petition, Petitioner was convicted by a jury in Santa Clara County Superior Court of first-degree murder; the jury also found true the special circumstance allegation of aiding and abetting. (SAP at 1, 2.) Petitioner was sentenced on May 10, 2012, to life without the possibility of parole. (*Id.* at 1.)

Petitioner pursued a direct appeal as well as a concurrent petition for writ of habeas corpus in the state courts without success. (*Id.* at 3-6.) Thereafter, Petitioner continued to pursue various post judgment remedies in the state courts and with other entities. (*Id.* at 7-42.)

Petitioner filed a second amended petition, which is the operative petition in this action, on June 16, 2019. (Docket No. 35, hereinafter "SAP.")

# DISCUSSION

## I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Legal Claims

Petitioner raises the following grounds for federal habeas relief: (1) his rights under the Confrontation Clause was violated when the trial court admitted both oral and written testimonial statements from non-testifying co-defendant, Miguel Chaldez, (Docket No. 35-6 at 1); (2) ineffective assistance of counsel for failure to investigate and other failings, (*id.* at 84, 119); (3-I) prosecutorial misconduct based on misrepresentation and use of perjured testimony and false evidence, (*id.* at 223, 326-329); (3-II) ineffective assistance of trial and

2

appellate counsel for failure to investigate, (*id.* at 223, 395-398); (4) juror misconduct due to outside influences and related ineffective assistance of counsel claim, (Docket No. 35-7 at 1, 27); (5) prosecutorial misconduct based on improper cross-examination, (*id.* at 52-53); (6) ineffective assistance of counsel for failing to conduct reasonable pre-trial investigation into Fourth, Fifth and Sixth Amendment violations, (*id.* at 81-82); (7) his conviction was based on less than proof beyond a reasonable doubt of each and every element of the charged crime, (*id.* at 175); (8) his counsel had a conflict of interest that materially compromised the defense, (*id.* at 195); (9) he was denied his right to retain counsel of his choice, (*id.* at 244); and (10) cumulative error, (*id.* at 263). Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

In the SAP, Petitioner requests an evidentiary hearing and another motion for appointment of counsel. (Docket No. 35-5 at 73-74; Docket No. 35-7 at 306.) The Court shall not hold an evidentiary hearing unless an applicant shows that: (A) a claim relies on either a new rule of constitutional law made retroactive and previously unavailable, or a factual predicate that could not have been previously discovered through the exercise of due diligence; or (B) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

In *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011), the United States Supreme Court clarified the legal landscape as to evidentiary hearings under § 2254(e)(2) by holding that habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 180-81. The Supreme Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made" and that therefore the record under review must be "limited to the record in existence at that same time i.e., the record before the state court." *Id.* The Supreme Court held that this reading was "compelled" by the structure of AEDPA, which conveyed "Congress' intent to channel

3

prisoners' claims first to the state courts." *Id.* at 182-83. It further held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review" and that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Id.* at 185. The Supreme Court noted that this construction did not render superfluous § 2254(e)(2), which sets limits on the availability of evidentiary hearings, as explained above. *Id.* at 186-86.

Considering the Supreme Court's decision in *Pinholster*, the Court finds that the request for an evidentiary hearing is premature at this time. Petitioner's SAP is comprised of over 1100 pages, half of which are exhibits in support and the remainder being Petitioner's claims and legal arguments. (Docket No. 35.) The Court's initial review of the main portions of Petitioner's claims indicate that they have merit and warrant an answer from Respondent. The Court will *sua sponte* consider whether a hearing is warranted after the claims have been fully briefed, after a determination of whether review is limited by § 2254(d)(1) for each claim.

With respect to Petitioner's motion for appointment of counsel, he filed his first motion at the outset of this action. (Docket No. 7.) The motion was denied. (Docket No. 22 at 3-4.) Petitioner is again advised that the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *See Id.* at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). As stated above, an evidentiary hearing will not be ordered at this time, and there are no exceptional circumstances to warrant appointment of counsel. Accordingly, Petitioner's motion for appointment of counsel is **DENIED** without prejudice to the Court's *sua sponte* reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

///

4

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the second amended petition and all attachments thereto, (Docket No. 35), on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: _November 18, 2019_

*[signature]*
BETH LABSON FREEMAN
United States District Judge