UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESEQUIEL "PAUL" GARCIA,<br><br>Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, Warden,<br><br>Respondent. | Case No. 16-cv-5301 BLF (PR)<br><br>**ORDER DENYING MOTIONS FOR LEAVE TO FILE OVERSIZED BRIEFS; DENYING MOTION FOR RELEASE PENDING DECISION ON WRIT; GRANTING MOTION FOR SECOND EXTENSION OF TIME TO FILE ANSWER**<br><br>(Docket Nos. 39, 40, 43, 45) |

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner's second amended petition ("SAP") is the operative petition in this action. Dkt. No. 35. On November 18, 2019, the Court ordered Respondent to show cause why the writ should not be granted. Dkt. No. 37. Respondent has filed a motion for a second extension of time to file an answer. Dkt. No. 45. The Court herein addresses that motion along with the following motions filed by Petitioner: motions for leave to file oversized motions, Dkt. Nos. 39, 43, and motion for release pending decision, Dkt. No. 40.

///

///

## DISCUSSION

### A. Motions for Leave to File Oversized Motions

Petitioner moves for leave to file an oversized motion to release him pending decision on the writ, Dkt. No. 39, and an oversized motion to compel, Dkt. No. 43. In the first motion, which is 25 pages long, Petitioner asserts that the proposed motion will consist of 139 pages, which is 114 pages more than the 25 page limit set forth in the Northern District's Civil Local Rule 7-4(b). Dkt. No. 39 at 7. However, the actual motion that he filed is 231 pages long, consisting of 164 pages of brief and the remainder are exhibits in support. Dkt. No. 40. With respect to the second motion, which is also 25 pages long, Petitioner asserts that the proposed motion will consist of 105 pages, which is 80 pages more than the 25 page limit. Dkt. No. 43 at 7. The actual motion filed is 281 pages long and consists of 105 pages of brief, and the rest is mostly exhibits in support. Dkt. No. 44.

Civil Local Rule 7-2 provides generally that motions must not exceed 25 pages in length. L.R. 7-2(b). Furthermore, Local Rule 7-4(b) provides that unless expressly ordered by the Court, "briefs or memoranda filed with opposition papers may not exceed 25 pages of text." L.R. 7-4(b). The commentary to Rule 7-4(b) states the following: "Although Civil L.R. 7-4(b) limits briefs to 25 pages of text, counsel should not consider this a minimum as well as a maximum limit. Briefs with less than 25 pages of text may be excessive in length for the nature of the issues addressed."

Petitioner has been granted much leeway in filing lengthy briefs in this matter. The majority of the motions he has filed have far exceeded the 25 page limit. *See* Dkt. Nos. 5, 6, 7, 8, 28, 31, 33. The motions now before the Court are no exception. However, these filings are simply far too excessive in length for the nature of the issues addressed and are accompanied by extensive exhibits that are unnecessary. For example, the motion for leave to file an oversized motion to compel contains the assertion that he is innocent and is wrongfully convicted and is followed by a lengthy recital of what occurred in the

2

underlying criminal proceedings. Dkt. No. 39 at 9-33. This recitation is completely unnecessary in an initial motion for leave to file an oversized brief on the matter. The subsequent motion to release, which also requests an evidentiary hearing, is even lengthier and contains a similar recitation of facts and assertions that his imprisonment is unlawful. Dkt. No. 40 at 15-153. Accordingly, the Court finds no good cause for permitting the oversized filings on these matters. The motions for leave to do so are DENIED. Dkt. Nos. 39, 43. The Court will only consider the first 25 enumerated pages of each of these motions, and the remaining pages and exhibits thereafter will be STRICKEN.

In the future, Petitioner is advised that the Court will not look favorably on excessive or oversized motions that are accompanied by unnecessary and exorbitant exhibits.

### B.  Motion for Release Pending Decision on Writ

Petitioner seeks to be released from the custody of the CDCR pending a decision on the writ. Dkt. No. 40. He seeks release under the following terms: (1) "on his own recognizance without any surety or any other condition/restriction," (2) "on his own recognizance without any surety on house arrest with electronic monitoring to be paid for by Petitioner's parents," or (3) "with any condition(s) and/or restriction(s) this Court deems appropriate." *Id.* at 16-17. In support, Petitioner essentially sets forth arguments attacking the lawfulness of his conviction. *Id.* at 17-39.

Petitioner essentially wants this Court to provide injunctive relief based on his assertion that he is likely to succeed on the merits. However, there is no precedent for granting such prospective relief in a habeas action. Until the matter is submitted and a final decision is reached on the merits and unless the Court finds habeas relief is warranted, Petitioner shall remain in the custody of the CDCR under the terms of his sentence. The motion for release is DENIED. Dkt. No. 40.

### C.  Motion for Second Extension of Time to File Answer

Respondent requests a second extension of time to file an answer. Dkt. No. 45.

Good cause appearing, the motion is GRANTED.  The new briefing deadline is set forth below.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Petitioner's motions for leave to file the two oversized motions described therein are **DENIED**.  Dkt. Nos. 39, 43.  Only the first 25 enumerated pages of the motions at issue will be considered by the Court.  The remainder shall be **STRICKEN**.

2. Petitioner's motion for release pending a decision on this writ is **DENIED**. Dkt. No. 40.

3. Respondent's motion for a second extension of time is **GRANTED**.  Dkt. No. 45.  Respondent's answer shall be filed **no later than June 19, 2010**, as requested.  If Petitioner wishes to respond to the answer, he may do so by filing a traverse within thirty (30) days of his receipt of the answer.  All the remaining provisions of the Court's Order to Show Cause, Dkt. No. 37, shall remain in effect.

4. Petitioner has filed a motion to compel.  Dkt. No. 44.  As stated above, only the first 25 enumerated pages of the motion shall be considered.  Respondent's opposition to the motion is currently due **no later than April 23, 2020.**  Civ. L.R. 7-3(a).

This order terminates Docket Nos. 39, 40, 43, and 45.

**IT IS SO ORDERED.**

Dated:  __April 17, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Motions
PRO-SE\BLF\HC.16\05301Garcia_mots