1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11    ESEQUIEL "PAUL" GARCIA,                    Case No.  16-05301 BLF (PR)
              Petitioner,
12                                               **ORDER DENYING MOTION TO**
                                                 **COMPEL COMPUTER ACCESS;**
13         v.                                    **DENYING MOTION FOR**
                                                 **EVIDENTIARY HEARING;**
14                                               **TERMINATING PENDING**
      NEIL MCDOWELL, Warden,                     **MOTION AS MOOT**
15
              Respondent.                        (Docket Nos. 44, 53, 66)
16

17

18         Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant

19    to 28 U.S.C. § 2254, challenging his state conviction.  Finding the second amended

20    petition stated cognizable claims, Dkt. No. 35, the Court ordered Respondent to show

21    cause why the petition should not be granted.  Dkt. No. 37.  Respondent filed a response

22    on June 19, 2020, along with exhibits.  Dkt. Nos. 56-59.  Copies of all the papers were

23    served on Petitioner on the same day.  Dkt. No. 56 at 4.

24         Before Respondent filed an answer, Petitioner filed a motion to compel the CDCR

25    to provide him computer access to review digital discovery that were on CDs and DVDs.

26    Dkt. No. 44.[1]  Respondent filed opposition, Dkt. No. 50, and Petitioner filed reply, Dkt.

27    _____

28    [1] The Court denied Plaintiff's motion for leave to file oversized briefs, holding that it
      would limit review of the motion to the first 25 pages while the remaining pages and

United States District Court
Northern District of California

No. 54.  Petitioner also filed a motion for an evidentiary hearing on his motion.  Dkt. No. 53.  The Court finds the submitted papers are sufficient to decide the matter and a hearing is not necessary.  Accordingly, the motion for an evidentiary hearing is DENIED.  For the reasons discussed below, the motion to compel is DENIED.

## DISCUSSION

**A.**   **Motion to Compel**

Plaintiff wants the Court to order the CDCR to provide him with the following: (1) a copy of all digital discovery consisting of 377 CDs/DVDs containing 18,139 pages of discovery, (2) proper authorization to retain all digital discovery in his possession; (3) permission to have access to a computer with all appropriate software to access the content of the CDs and DVDS; (4) permission to print all necessary documents off the same; and (5) authorization for a schedule of at least ten hours per week to review his digital discovery.  Dkt. No. 44 at 14-15.

In opposition, Respondent first asserts that because the motion challenges the conditions of Petitioner's confinement, not his custody, § 2254 does not authorize the relief Petitioner seeks.  Dkt. No. 50 at 4.  Respondent argues that even if Petitioner were able to state a claim for denial of access to the court, he must show actual injury.  *Id.*, citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  Respondent asserts Petitioner has failed to do so since his trial attorney Robertson, trial attorney Sousa, civil attorney Barber, and Petitioner's parents had access to the digital discovery for years, and yet Petitioner fails to describe the specific materials he needs to review or explain how any of the materials will assist him in seeking habeas relief.  *Id.* at 5.  Respondent also asserts that it is not clear whether Petitioner has exhausted administrative remedies with respect to this claim and therefore would not be entitled to the relief requested.  *Id.*

Secondly, Respondent asserts that even if the motion could be construed as a

_____

accompanying exhibits would be stricken.  Dkt. No. 46.

United States District Court
Northern District of California

motion for discovery in the habeas context, relief is unavailable in the absence of good cause.  Dkt. No. 50 at 5.  Respondent asserts that Petitioner fails to show good cause because his attorneys and parents had access to the digital discovery for years and yet he fails to specify what materials he expects to locate in the discovery or explain how those materials will assist him in obtaining relief.  *Id.* at 6.  Respondent also asserts that the request for access is too broad, and that Petitioner makes no effort to tailor his request to materials that are relevant to challenging his conviction.  *Id.*  Respondent also points out that Petitioner clearly has access to materials related to his conviction, referring to the vast exhibits filed in support of his petition.  *Id.*  In the absence of good cause or any effort by Petitioner to specify the materials to which he requests access, Respondent asserts that the motion to compel is not warranted.  *Id.*

In reply, Petitioner concedes that his request is broad but asserts that it is necessary because he never personally reviewed all the digital material, and he does not know whether there is any information on the CDs and DVDs that could lead to new habeas claims, provide additional support for pending claims, or guide further investigation that will lead to new claims.  Dkt. No. 53 at 3-4.  He admits that with the help of his parents, he was able to discover certain claims but nonetheless he is entitled to have personal access to his legal documents.  *Id.* at 4-5.  Petitioner also asserts that he pursued and exhausted all administrative remedies.  *Id.* at 7-8.  Lastly, Petitioner asserts that he has shown good cause based on the argument that denying him access will deprive him of the ability to meet his burden in the habeas context and his "one bite of the apple."  *Id.* at 12-13.

### 1.    Conditions of Confinement

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983" *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).  "Challenges to the validity of any confinement or particulars affecting its duration are the province of habeas corpus;

United States District Court
Northern District of California

1  requests for relief turning on circumstances of confinement may be presented in a § 1983

2  action." *Id.* (citation omitted).  "[I]f a state prisoner's claim does not lie at 'the core of

3  habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,'

4  under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).

5          First of all, Petitioner's motion to compel is more akin to a request for injunctive

6  relief in that he would have the Court order the prison to provide him with unlimited

7  access to equipment and material, the lack of which would allegedly result in irreparable

8  harm.  The Court agrees with Respondent that such a request for relief does not lie "at the

9  core of habeas corpus" but rather involves conditions of confinement.  *See Nettles*, 830

10  F.3d at 931.  Furthermore, Petitioner admits in reply that he is not requesting discovery

11  that was not provided but "simply wants what he is entitled to in order to be able to meet

12  his burden of proof in a habeas context."  Dkt. No. 54 at 12.  As such, the proper means of

13  obtaining the relief he seeks is to sue the prison for the alleged failure to provide the proper

14  equipment and resources, the lack of which he claims is violating his right of access to the

15  courts.  In fact, Petitioner cites to the very caselaw which would support such a claim if it

16  were filed in a separate civil rights action under § 1983.  Dkt. No. 54 at 10.  Here, an

17  injunctive order against the prison for circumstances of Petitioner's confinement does not

18  lie at the core of habeas and therefore must be, if at all, brought under § 1983.  *See Nettles*,

19  830 F.3d at 931.  Accordingly, the motion must be denied on this basis.

20          **2.   <u>Discovery</u>**

21          The only alternative is to construe the motion as one seeking to compel discovery

22  against Respondent, notwithstanding Petitioner's objections to such a characterization.

23          A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

24  discovery as a matter of ordinary course.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

25  However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. §

26  2254, provides that a "judge may, for good cause, authorize a party to conduct discovery

27  under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Before

28

United States District Court
Northern District of California

1   deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must first

2   identify the essential elements of the underlying claim.  *See Bracy*, 520 U.S. at 904

3   (difficulties of proof aside, petitioner's allegation of judicial bias, if proved, would violate

4   due process clause).  The court must then determine whether the petitioner has shown

5   "good cause" for appropriate discovery to prove his claim.  *See id.*  Good cause for

6   discovery under Rule 6(a) is shown "'where specific allegations before the court show

7   reason to believe that the petitioner may, if the facts are fully developed, be able to

8   demonstrate that he is... entitled to relief....'"  *Id.* at 908-09 (quoting *Harris v. Nelson*, 394

9   U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

10      Petitioner admits that the scope of his motion is intentionally broad in order to give

11   him license to search for new habeas claims, find additional support for pending claims, or

12   guide further investigation that will lead to new claims.  *See supra* at 3.  However, good

13   cause under Rule 6(a) requires Petitioner set forth "specific allegations" with respect to an

14   underlying claim, *i.e.*, a claim that has already been raised and presented.  *See Bracy*, 520

15   U.S. at 908-09.  Petitioner has not satisfied this requirement since there is no allegation

16   that he is seeking access to the digital files to find specific facts to prove a claim that he

17   has already presented to the Court.  In fact, there is no assertion that the hundreds of papers

18   he has already filed in support of his claims in the second amended petition is not adequate

19   to support his claims.  Dkt. No. 35.  Rather, Petitioner essentially wants free reign to

20   conduct a fishing expedition to discover more claims, which clearly does not constitute

21   good cause under *Bracy*, 520 U.S. at 908-09.  Furthermore, even if Petitioner were to

22   discover new claims, state judicial remedies would have to be exhausted before this Court

23   could consider them, assuming that Petitioner was granted a stay to do so.  Lastly, since

24   filing the instant motion, Petitioner was served on June 19, 2020, with a copy of

25   Respondent's answer which included thirty-one exhibits containing all relevant portions of

26   the underlying state criminal proceedings.  *See supra* at 1; Dkt. Nos. 56, 57, 58, 59.

27   Accordingly, the Court is not persuaded that Respondent need be compelled to provide any

28

1  further discovery to Petitioner at this juncture.  Accordingly, Petitioner's motion to compel

2  is DENIED for failure to show good cause.

3  **B.**      **Motion for Second Extension of Time to File Traverse**

4          On September 22, 2020, the Court granted Petitioner a second extension of time to

5  file a traverse, which is currently due no later than November 3, 2020.  Dkt. No. 65.

6  Accordingly, a duplicative motion filed a few days later on September 24, 2020, is

7  DENIED as moot.  Dkt. No. 66.

8

9                                       **CONCLUSION**

10         For the foregoing reasons, Petitioner's motion to compel is **DENIED** for lack of

11  good cause.  Petitioner may seek the relief he seeks by filing a separate § 1983 action

12  against the prison.  Dkt. No. 44.  Petitioner's motion for an evidentiary hearing is

13  **DENIED** as unnecessary.  Dkt. No. 53.  Petitioner's motion for a second extension of time

14  is **DENIED** as duplicative.  Dkt. No. 66.

15         This order terminates Docket Nos. 44, 53, and 66.

16         **IT IS SO ORDERED.**

17  Dated:  **_October 13, 2020____**

18                                              BETH LABSON FREEMAN
                                                United States District Judge

19

20

21

22

23

24

25  Order Denying M. to Compel; Other Motions
    PRO-SE\BLF\HC.16\05301Garcia_deny.compel&mots

26

27

28

United States District Court
Northern District of California