UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ESEQUIEL "PAUL" GARCIA, Petitioner, v. NEIL MCDOWELL, Warden, Respondent. | Case No. 16-05301 BLF (PR)<br><br>**ORDER DENYING MOTION FOR STAY; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL; GRANTING MOTION FOR** fourth **EXTENSION OF TIME TO FILE TRAVERSE**<br><br>(Docket Nos. 72, 76, 77, 79, 80) |
|---|---|

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court found the second amended petition, Dkt. No. 35 ("SAP"), stated cognizable claims, and ordered Respondent to show cause why the petition should not be granted. Dkt. No. 37. Respondent has filed an answer along with exhibits in support. Dkt. Nos. 56-59. Petitioner was granted three extensions of time to file a traverse. Dkt. Nos. 63, 65, 71. Before the Court is Petitioner's motion for a stay, motions for appointment of counsel, and a motion for a fourth extension of time to file his traverse. Dkt. Nos. 72, 76, 79, 80.

**BACKGROUND**

According to the second amended petition, Petitioner was found guilty by a jury in

Santa Clara County Superior Court of first-degree murder and aiding and abetting special circumstance. SAP at 1, 2. Petitioner was sentenced on May 10, 2012, to life without the possibility of parole. *Id.* at 1.

Petitioner pursued a direct appeal as well as a concurrent petition for writ of habeas corpus in the state courts without success. *Id.* at 3-6. Thereafter, Petitioner continued to pursue various post judgment remedies in the state courts and with other entities. *Id.* at 7-42.

On September 15, 2016, Petitioner filed a letter, initiating this federal habeas action, and five days later, a petition for writ of habeas corpus. Dkt. Nos. 1, 5. On January 20, 2017, the Court granted Petitioner's motion for stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Dkt. No. 22.

On January 16, 2019, the Court granted Petitioner's motion to reopen the action, and granted Petitioner leave to file a second amended petition. Dkt. No. 29. After two extension of time, Petitioner filed a second amended petition on June 16, 2019. Dkt. No. 35.

The Court found the SAP stated the following cognizable claims for federal habeas relief: (1) his rights under the Confrontation Clause was violated when the trial court admitted both oral and written testimonial statements from non-testifying co-defendant, Miguel Chaldez, *id.* at 1; (2) ineffective assistance of counsel for failure to investigate and other failings, *id.* at 84, 119; (3-I) prosecutorial misconduct based on misrepresentation and use of perjured testimony and false evidence, *id.* at 223, 326-329; (3-II) ineffective assistance of trial and appellate counsel for failure to investigate, *id.* at 223, 395-398; (4) juror misconduct due to outside influences and related ineffective assistance of counsel claim, Dkt. No. 35-7 at 1, 27; (5) prosecutorial misconduct based on improper cross-examination, *id.* at 52-53; (6) ineffective assistance of counsel for failing to conduct reasonable pre-trial investigation into Fourth, Fifth and Sixth Amendment violations, *id.* at 81-82; (7) his conviction was based on less than proof beyond a reasonable doubt of each

and every element of the charged crime, *id.* at 175; (8) his counsel had a conflict of interest that materially compromised the defense, *id.* at 195; (9) he was denied his right to retain counsel of his choice, *id.* at 244; and (10) cumulative error, *id.* at 263. Dkt. No. 37 at 2.

On June 19, 2020, Respondent filed an answer along with exhibits in support. Dkt. Nos. 56-59. On November 16, 2020, Petitioner filed a motion to stay this habeas action due to a pending hearing in state court for a *Brady/Pitchess* motion for discovery. Dkt. No. 72 at 3-4. Respondent filed opposition to the motion for stay, Dkt. No. 75, and Petitioner filed a reply, Dkt. No. 78.[1] Petitioner also filed two motions requesting appointment of counsel due to COVID-19, Dkt. Nos. 76, 80, and motion for a fourth extension of time to file his traverse, Dkt. No. 79.

## DISCUSSION

### A. Motion for Stay and Abeyance

In his motion for stay, Petitioner states that there is a pending matter in state court on a *Brady/Pitchess* motion for habeas discovery of peace officer records and a "motion for discovery file reconstruction, missing discovery (beyond file reconstruction), and reasonable access to that discovery." Dkt. No. 72 at 4. Petitioner states that if evidence of a *Brady* violation is found, then he may then need to move for a stay under *Rhines*, 544 U.S. 269, to essentially exhaust the new claim. *Id.* at 6. In opposition, Respondent asserts that the request is unwarranted because all the claims in the SAP are exhausted and the alleged discovery Petitioner seeks does not include *Brady* material. Dkt. No. 75 at 3-5. In reply, Petitioner refutes that there is "no *Brady* evidence to disclose," that he needs to wait for a ruling from the trial judge on his discovery motion, and then time to review the actual documents before he can determine whether he will be able to raise a *Brady* claim. Dkt. No. 78 at 4, 8.

---

[1] Petitioner filed a request for an extension of time to file a reply to Respondent's opposition which is GRANTED. Dkt. No. 77. Accordingly, the reply filed on December 23, 2020, is deemed timely filed and will be considered.

3

The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). *Rhines* requires a petitioner to show (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278. The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Id.* at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.*

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. In sum, for a *Brady* claim to succeed, petitioner must show: (1) that the evidence at issue is favorable to the accused, either because it is exculpatory or impeaching; (2) that it was suppressed by the prosecution, either willfully or inadvertently; and (3) that it was material (or, put differently, that prejudice ensued).[2] *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469-70 (2009). The Supreme Court has since made clear that the duty to disclose such evidence applies even when there has been no request by the accused, *United States v. Agurs*, 427 U.S. 97, 107 (1976), and that the duty encompasses impeachment evidence as well as exculpatory

---

[2] For the purpose of *Brady*, the terms "material" and "prejudicial" have the same meaning. *United States v. Kohring*, 637 F.3d 895, 902 n.1 (9th Cir. 2011).

4

evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985).

The Court finds Petitioner fails to satisfy the factors under *Rhines* to warrant a second stay at this late stage in the proceedings. First of all, Petitioner was already granted a stay that lasted two years, from 2017 to 2019, to pursue new and unexhausted claims, such that his second amended petition, which contains numerous claims, is fully exhausted. Furthermore, Petitioner is only able to speculate that the additional discovery which he hopes to obtain contains *Brady* material. Even if it is shown that the prosecution suppressed the discovery at issue, Petitioner has not identified the specific *Brady* evidence that was favorable to his case or described how it was material, *i.e.*, the result of the proceeding would have been different had the evidence been disclosed to the defense. For example, Petitioner seeks personnel files of the police officers involved in his case but fails to explain what information contained therein would have any effect on his trial. As Respondent points out, the testimony of these officers was minimal to none at trial, with two of the officers testifying to the authenticity of cell phone and computer records submitted at trial. Dkt. No. 75 at 4-5. In reply, Petitioner argues that there is evidence impacting the credibility of these officers, *i.e.*, impeachment evidence. Dkt. No. 78 at 6-7. However, there is no showing that had this information been disclosed, the result of the proceedings would have been different. With respect to the "discovery reconstruction," the record shows that the prosecution did provide the defense with another set of discovery and therefore, this ground cannot be a basis for a *Brady* suppression claim. *Id.* at 5-6. Petitioner asserts that this cannot be confirmed until the trial judge rules on his motion. *Id.* at 8. But this argument is an admission that Petitioner has yet to establish a *Brady* claim, and that he is merely speculating.

Based on the foregoing, the Court finds Petitioner is not entitled to a second stay based on what amounts to nothing more than a fishing expedition for a *Brady* claim, that also depends wholly on whether the trial court grants his motion. The Court finds no good cause for warranting further delay in this matter where Petitioner has already been granted one opportunity to exhaust numerous claims. Accordingly, the motion for a stay is

DENIED.

B. **Motion for Appointment of Counsel**

Petitioner has filed two motions for appointment of counsel based on prison conditions due to the COVID-19 pandemic, e.g., lockdowns, restricted law library access, and quarantines. Dkt. No. 76, 80. Petitioner contracted the virus in December 2020, and as of the filing of his latest motion for appointment of counsel, was recovering from the virus but with lingering symptoms. Dkt. No. 80 at 7. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *Id.* at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). An evidentiary hearing does not appear necessary at this time. With regard to Petitioner's circumstances in contracting and recovering from COVID-19, it does not amount to an exceptional circumstance warranting appointment of counsel. The Court notes that despite his alleged challenges, Petitioner has been able to file several coherent briefs, indicating his continued ability to prosecute this matter *pro se*. Accordingly, Petitioner's motions for appointment of counsel are DENIED without prejudice to the Court's sua sponte reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

C. **Motion for Extension of Time to File Traverse**

Petitioner has filed a motion for a fourth extension of time to file a traverse due to restrictions to law library access and his recovery from COVID-19. Dkt. No. 79. Good cause appearing, the motion is GRANTED. Petitioner shall file a traverse in the time provided below.

///
///
///

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for a stay is **DENIED**. Dkt. No. 72. Petitioner's motion for an extension of time to file a reply is **GRANTED**. Dkt. No. 77.

2. Petitioner's motions for appointment of counsel are **DENIED** without prejudice. Dkt. Nos. 76, 80.

3. Petitioner's motion for a fourth extension of time to file a traverse is **GRANTED**. Dkt. No. 79. Petitioner shall file his traverse **no later than sixty (60) days** from the date this order is filed. The matter will be deemed submitted on the date Petitioner's traverse is due.

This order terminates Docket Nos. 72, 76, 77, 79, and 80.

**IT IS SO ORDERED.**

Dated: _**May 17, 2021**_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Stay; Denying Appt. of Counsel; Grant EOT to File Trav
P:\PRO-SE\BLF\HC.16\05301Garcia_deny-stay&mots.docx

7