UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESEQUIEL "PAUL" GARCIA,<br>Petitioner,<br>v.<br>NEIL MCDOWELL, Warden,<br>Respondent. | Case No.  16-05301 BLF (PR)<br><br>**ORDER DENYING MOTION FOR DISCOVERY**<br><br><br>(Docket No. 82) |

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court found the second amended petition ("SAP"), Dkt. No. 35, stated cognizable claims, and ordered Respondent to show cause why the petition should not be granted. Dkt. No. 37. Respondent has filed an answer along with exhibits in support. Dkt. Nos. 56-59. Petitioner was granted four extensions of time to file a traverse, Dkt. Nos. 63, 65, 71, 81, which he finally filed on July 2, 2021. Dkt. No. 83. The Court also notes Petitioner's notice of scanning errors and request to incorporate missing pages. Dkt. No. 84. Before the Court is Petitioner's motion for leave to conduct discovery for potential *Brady* material. Dkt. No. 82.

///

///

**BACKGROUND**

According to the SAP, Petitioner was found guilty by a jury in Santa Clara County Superior Court of first-degree murder and aiding and abetting special circumstance. SAP at 1, 2. Petitioner was sentenced on May 10, 2012, to life without the possibility of parole. *Id.* at 1.

Petitioner pursued a direct appeal as well as a concurrent petition for writ of habeas corpus in the state courts without success. *Id.* at 3-6. Thereafter, Petitioner continued to pursue various post judgment remedies in the state courts and with other entities. *Id.* at 7-42.

On September 15, 2016, Petitioner filed a letter initiating this federal habeas action, and five days later, a petition for writ of habeas corpus. Dkt. Nos. 1, 5. On January 20, 2017, the Court granted Petitioner's motion for stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Dkt. No. 22.

On January 16, 2019, the Court granted Petitioner's motion to reopen the action, and granted Petitioner leave to file a second amended petition. Dkt. No. 29. After two extensions of time, Petitioner filed a second amended petition on June 16, 2019. Dkt. No. 35.

The Court found the SAP stated the following cognizable claims for federal habeas relief: (1) his rights under the Confrontation Clause was violated when the trial court admitted both oral and written testimonial statements from non-testifying co-defendant, Miguel Chaldez, *id.* at 1; (2) ineffective assistance of counsel for failure to investigate and other failings, *id.* at 84, 119; (3-I) prosecutorial misconduct based on misrepresentation and use of perjured testimony and false evidence, *id.* at 223, 326-329; (3-II) ineffective assistance of trial and appellate counsel for failure to investigate, *id.* at 223, 395-398; (4) juror misconduct due to outside influences and related ineffective assistance of counsel claim, Dkt. No. 35-7 at 1, 27; (5) prosecutorial misconduct based on improper cross-examination, *id.* at 52-53; (6) ineffective assistance of counsel for failing to conduct

2

reasonable pre-trial investigation into Fourth, Fifth and Sixth Amendment violations, *id.* at 81-82; (7) his conviction was based on less than proof beyond a reasonable doubt of each and every element of the charged crime, *id.* at 175; (8) his counsel had a conflict of interest that materially compromised the defense, *id.* at 195; (9) he was denied his right to retain counsel of his choice, *id.* at 244; and (10) cumulative error, *id.* at 263. Dkt. No. 37 at 2.

The Court notes that previously, Petitioner filed a motion to stay this habeas action a second time due to a pending hearing in state court for a *Brady*[1]/*Pitchess* motion for discovery. Dkt. No. 72 at 3-4. The Court denied the motion, finding Petitioner was not entitled to a second stay based on what amounted to nothing more than a fishing expedition for a *Brady* claim, which was wholly dependent on whether the trial court granted his motion. Dkt. No. 81 at 4-5. It appears that Petitioner was not successful because he appealed the matter to the state appellate court. Dkt. No. 82 at 4, fn. 7. While that matter was pending, Petitioner filed the instant motion for discovery, attempting to obtain the potential *Brady* material through this action.

## DISCUSSION

### A. Motion for Discovery

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Before deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must first identify the essential elements of the underlying claim. *See Bracy*, 520 U.S. at 904 (difficulties of proof aside, petitioner's allegation of judicial bias, if proved, would violate

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

due process clause). The court must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. *See id.*

Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is… entitled to relief….'" *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).[1] For example, in *Bracy*, the Supreme Court found that the petitioner established good cause for discovery where he provided specific allegations lending support to his claim that the trial judge was actually biased in his case. 520 U.S. at 909; *see also Pham*, 400 F.3d at 743 (good cause when petitioner contended that lab notes might show a mistake which would be exculpatory); *McDaniel v. U.S. Dist. Ct. (Jones)*, 127 F.3d 886, 888 (9th Cir. 1997) (good cause for discovery found where petitioner's claims did not appear purely speculative or without any basis in record, each claim included factual allegations and statement of exhaustion, and materials sought through discovery were not available from petitioner's appellate counsel, who had destroyed entire file); *Jones v. Wood*, 114 F.3d 1002, 1009-10 (9th Cir. 1997) (good cause found where petitioner identified specific material he needed to argue effectively that trial lawyer had rendered ineffective assistance, particularly where there was never any hearing on ineffective assistance claim at state court level).

Here, Petitioner's motion for discovery involves evidence to support various *Brady* claims. Dkt. No. 82. In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. In sum, for a

---

[1] The Ninth Circuit has also described this standard as being that discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her underlying claim. *Pham*, 400 F. 3d at 743 (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997)).

*Brady* claim to succeed, petitioner must show: (1) that the evidence at issue is favorable to the accused, either because it is exculpatory or impeaching; (2) that it was suppressed by the prosecution, either willfully or inadvertently; and (3) that it was material (or, put differently, that prejudice ensued).[2]  *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *Cone v. Bell*, 556 U.S. 449, 469-70 (2009).  The Supreme Court has since made clear that the duty to disclose such evidence applies even when there has been no request by the accused, *United States v. Agurs*, 427 U.S. 97, 107 (1976), and that the duty encompasses impeachment evidence as well as exculpatory evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985).

The Court finds that Petitioner has failed to show good cause for discovery under Rule 6(a) to support potential *Brady* claims.  Petitioner is seeking the following: (1) evidence to attack the credibility of peace officers who were involved in the investigation into his crimes, including their criminal records and personnel files, Dkt. No. 82 at 4-5, 7-8; (2) evidence that a prosecution witness had a bipolar disorder, *id.* at 10-11; (3) the interrogation recording of another witness; and (4) evidence of "drug dealing by Chaidez Family," *id.* at 13-14.  Petitioner relies solely on his assertion that he requested this evidence and that the prosecution was unresponsive and ignored his requests.  *Id.* at 24-25.  But this argument only satisfies the second *Brady* factor.  *See Banks*, 540 U.S. at 691.  Even if it is shown that the prosecution suppressed the discovery at issue, Petitioner fails to explain how the specific *Brady* evidence would have been favorable to his case and that the result of the proceeding would have been different had the evidence been disclosed to the defense.  *Id*.  For example, Petitioner seeks personnel files of the police officers involved in his case but fails to explain how the information contained therein would have

---

[2] For the purpose of *Brady*, the terms "material" and "prejudicial" have the same meaning.  *United States v. Kohring*, 637 F.3d 895, 902 n.1 (9th Cir. 2011).

any effect on his trial. As Respondent pointed out in opposition Petitioner's motion for a second stay, the testimony of these officers was minimal to none at trial, with two of the officers testifying to the authenticity of cell phone and computer records submitted at trial. Dkt. No. 75 at 4-5. With respect to the other potential *Brady* material, Petitioner also fails to explain how such evidence was favorable to him, either because it was exculpatory or impeaching, and how the result of the proceedings would have been different had this evidence been disclosed. Without such specific allegations, the Court is not persuaded that Petitioner may be able to demonstrate that he is entitled to relief if the facts are fully developed through discovery. *See Bracy*, 520 U.S. at 908-09. Accordingly, the Court finds Petitioner has not shown "good cause" for discovery to prove a *Brady* claim. *Id.* at 904. His motion for discovery is therefore DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for discovery is **DENIED**. Dkt. No. 82. This matter is deemed submitted.

This order terminates Docket No. 82.

**IT IS SO ORDERED.**

Dated: __February 1, 2022__

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Discovery
P:\PRO-SE\BLF\HC.16\05301Garcia_deny-disc.docx