UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESEQUIEL GARCIA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>NEIL MCDOWELL, Warden,<br><br>　　　　Respondent. | Case No. 16-cv-05301-BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STAY PROCEEDINGS** |

　　　　Before the Court is Petitioner's post-judgment motion to "reconsider habeas decision (Dkts. 87 & 88) Due Pending State Court Direct Attack on the Conviction and Stay Proceedings Pursuant to Civil Rule 60." Dkt No. 93. Rule 60 permits "the court [to] relieve a party . . . from a final judgment, order, or proceeding" for a number of enumerated reasons that are inapplicable here, as well as "any other reason that justifies relief."[1] Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a catchall provision, and a party "seeking relief under [it] must show extraordinary circumstances justifying the reopening of a final judgment." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019) (quotation omitted). As explained below, Petitioner has not shown extraordinary circumstances justifying relief. Therefore, his motion will be denied.

**Discussion**

　　　　Petitioner asks that these proceedings be stayed until the state court resolves a resentencing petition he filed pursuant to California Penal Code § 1172.6. That statute provides that eligible persons "may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" when specified conditions applied. Cal. Penal Code § 1172.6(a). Petitioner

---

[1] The Ninth Circuit has stayed proceedings on appeal pending resolution of Petitioner's Rule 60 motion. Dkt No. 97.

argues that a stay would promote judicial efficiency and comity because there exists a possibility that the state proceedings would "moot … or significantly affect the resolution of [his federal] claims." Dkt No. 93 at 5-6. Respondent has not responded to Petitioner's motion.

### A. *Younger* Abstention is not Warranted

As a preliminary matter, the Court considers whether *Younger* abstention is warranted for reasons of comity. *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982); *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has "identified two sources for this policy: the constraints of equity jurisdiction and the concern for comity in our federal system." *Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004). "*Younger* abstention permits federal courts to preserve respect for state functions such that the national government protects federal rights and interests in a way that will not unduly interfere with the legitimate activities of the States." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (internal quotations omitted). "*Younger* abstention is a jurisprudential rather than a jurisdictional question." *Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 394 n.3 (9th Cir. 1995). To warrant *Younger* abstention, the state proceedings must (1) be "ongoing," (2) "implicate important state interests," and (3) provide "an adequate opportunity ... to raise constitutional challenges." *Herrera*, 918 F.3d at 1044 (quoting *Middlesex*, 457 U.S. at 432).

In *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir. 2023), the Ninth Circuit addressed whether *Younger* abstention was warranted due to a pending § 1172.6 petition. In that case, the petitioner filed his state resentencing petition and then, during its pendency, filed a federal habeas petition to satisfy the statute of limitations. *Id.* at 1090-91. He also moved to stay his federal petition until the state resentencing proceedings concluded. *Id.* at 1091. The lower court sua sponte determined that *Younger* abstention was warranted, denied the motion to stay, and dismissed the petition without prejudice. *Id.* at 1092.

On appeal, Ninth Circuit was tasked with determining "whether a federal habeas petitioner's ongoing § 1172.6 proceeding mandates *Younger* abstention." *Duke*, 64 F.4th at 1094.

1  Holding that it does not, the appellate court began its discussion by providing an overview of
2  § 1172.6:

> California Penal Code § 1172.6 allows people convicted of felony murder or murder under the natural and probable consequences doctrine to petition for resentencing if they could not currently be convicted of those offenses due to a change in state law that provides "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." Cal. Penal Code § 188(a)(3). If a person is prima facie eligible for § 1172.6 relief, the sentencing court must hold a hearing to determine whether the conviction should be vacated. *Id.* § 1172.6(d)(1). At the hearing, the prosecution may rely on previously admitted evidence and has the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder under current California law. *Id.* § 1172.6(b)–(d). The sentencing court must vacate the murder conviction and enter a new sentence if it determines that the petitioner is entitled to § 1172.6 relief. *Id.* § 1172.6(d).

64 F.4th at 1091.

The court observed that the resentencing proceedings are limited in scope— "narrowly focused on the statutory [resentencing] eligibility criteria." *Duke*, 64 F.4th at 1091. As such, the petitioner's federal constitutional challenges would not be addressed therein, thereby negating the third requirement for *Younger* abstention that there exist an adequate opportunity to litigate those claims. *Id.* As the court explained, "where, as here, a state proceeding affords no opportunity for a litigant to raise federal constitutional claims, *Younger*'s comity concerns do not come into play because there is no risk that the federal court's actions will evince an impermissible 'presumption that the state courts will not safeguard federal constitutional rights.' " *Id.* at 1095 (quoting *Middlesex*, 457 U.S. at 431). "*Younger*'s aim is to avoid interference with ongoing state-court proceedings when the state court still has a chance to rule on federal claims." *Id.* at 1096. But because "*Younger*'s 'adequate opportunity' requirement is not satisfied, . . . *Younger* abstention was not warranted." *Id.* at 1098.

Here, as in *Duke*, Petitioner's federal claims will not be at issue in the state resentencing proceedings. For similar reasons, then, *Younger* abstention is not warranted in this case.

**B. Petitioner's Request for a Stay**

3

1   As for Petitioner's request for a stay, a *Rhines* / *Kelly*[2] stay is unavailable because the federal petition does not include unexhausted claims. *See Duke*, *supra*, 64 F.4th at 1098. Nonetheless, a district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

In *Landis*, the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. at 254. To determine whether a stay is appropriate, the court "must weigh competing interests and maintain an even balance." *Id.* at 254–55. The competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "[I]f there is even a fair possibility" that the stay will harm the non-moving party, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. To guide this balancing exercise, district courts consider: "(1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court." *Oyster Optics, LLC v. Ciena Corp.*, No. 20-cv-02354 JSW, 2021 WL 4027370, at *1 (N.D. Cal. Apr. 22, 2021).

As noted in this Court's Order Denying Second Amended Petition for Writ of Habeas Corpus (Dkt No. 87), a jury convicted Petitioner of first degree murder and found true the special circumstance of aiding and abetting. Dkt No. 56-9 at 235-36. In his state resentencing petition, Petitioner argues that the special circumstance that was found true by the jury is not one of the

---

[2] *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *abrogated on other grounds by Pliler v. Ford*, 542 U.S. 225 (2004).

4

enumerated special circumstances under the recently revised California Penal Code § 190.2(a). Accordingly, Petitioner asks the state court to vacate his sentence of life without the possibility of parole and resentence him. He asserts here that "the outcome of [the state] proceedings may moot the instant habeas proceeding or significantly affect the resolution of the claims." Dkt No. 93 at 5.

On balance, the Court does not find that a stay is warranted. For one, judgment has already been entered in this case. "An early stay may save the parties and the Court from unnecessarily expending significant resources. A stay later in the proceedings will likely produce less benefit and increase the possibility of prejudice." *Largan Precision Co. v. Motorola Mobility LLC*., No. 21-CV-09138-JSW, 2022 WL 2954935, at *4 (N.D. Cal. July 26, 2022). The proceedings at this Court have concluded after Petitioner's claims were denied in their entirety; he has now appealed from the judgment. As there is no likelihood that a stay would benefit either the parties or this Court from unnecessarily expending significant resources, this factor weighs against granting a stay.

Second, neither party will be unduly prejudiced or tactically disadvantaged by either the grant or denial of a stay. Respondent has already filed a response to Petitioner's habeas petition, and judgment has already been entered. In addition, none of Petitioner's claims will be forfeited if a stay is not granted. *Cf. Duke*, 64 F.4th at 1099 ("The federal constitution guarantees Duke one shot at federal review of the state courts' resolution of his federal claims, and that right may be forever lost if Duke's petition is dismissed rather than stayed.") This factor does not favor a stay, either.

Lastly, the Court is unconvinced that these federal proceedings may be mooted by the state court's resolution of Petitioner's resentencing petition. Petitioner argues that he is entitled to relief because he was charged with murder under a "theory under which malice is imputed to a person based solely on that person's participation in a crime." Cal. Penal Code § 1172.6(a). But according to the jury instructions, Petitioner was charged with murder in the first degree as an aider and abettor, not under the felony murder rule or the natural and probable consequences doctrine. Dkt No. 56-9 at 166-68. To find Petitioner guilty of first degree murder based on aiding and abetting, the jury was required to find that Petitioner "kn[ew] of the perpetrator's unlawful

5

purpose and he or she specifically intend[ed] to, and [did] in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime." Dkt No. 56-9 at 198. That is, before Petitioner could be found subject to a special circumstance, the jury was required to find that he had the intent to kill. *See People v. Padilla*, 11 Cal.4th 891, 933 (1995). The evidence supported such a finding, as discussed in this Court's Order Denying Second Amended Petition for Writ of Habeas Corpus.

In addition, Petitioner is unlikely to show that he could not now be convicted under the revised sentencing laws. "Under section 190.2, subdivision (a)(1), a defendant is subject to the [financial gain] special circumstance if the 'murder was intentional and carried out for financial gain.' Even if the defendant is 'not the actual killer,' if that defendant 'with the intent to kill, aids, abets, counsels, commands, induces, solicits, requests, or assists any actor in the commission of murder in the first degree,' he or she is also subject to this special circumstance. (§ 190.2, subd. (c).) 'Reading the two provisions together it is clear that one who intentionally aids or encourages a person in the deliberate killing of another for the killer's own financial gain is subject to the special circumstance punishment.' " *People v. Fayed*, 9 Cal.5th 147, 201–02 (2020). Because the evidence supports a finding that Petitioner solicited the victim's murder, thereby resulting in a financial gain to the actual killer (Lucio Estrada), there exists a likelihood that he can now be convicted under the revised sentencing laws. Accordingly, the Court finds that a stay is not warranted.

**Conclusion**

Based on the foregoing, Petitioner's Rule 60 motion, Dkt No. 93, is DENIED.

IT IS SO ORDERED.

Dated: June 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge